IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**TYSON N. WATSON,**
**DC #195947,**

    **Plaintiff,**

v.     Case No. 3:08cv898-J-32MCR

**SWAIN and SLONE,**

    **Defendants.**
_____/

## DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT

Defendants, SHAWN SWAIN and TIMOTHY SLONE, through undersigned counsel, hereby move to strike Plaintiff's attempted 'amended complaint,' for failure to fully exhaust his administrative remedies prior to the filing of his initial complaint herein.

Grounds for this motion are more fully stated in the accompanying memorandum of law.

## MEMORANDUM OF LAW

Plaintiff has submitted an 'amended civil rights complaint' for filing in this case, in which he seeks to add new claims based on events occurring subsequent to the filing of his initial complaint, as well as to add several new Defendants (none of whom have yet been served).

Plaintiff's initial complaint stemmed from an incident occurring at Union Correctional Institution on July 24, 2007, in which the above Defendants allegedly used excessive and unnecessary force upon him. Upon exhaustion of his administrative remedies as to that incident, Plaintiff filed his complaint herein on September 19, 2008. Defendants have filed their motion for summary judgment, on September 4, 2009 (Doc #39), which is now pending.

However, Plaintiff now adds new claims and parties, in allegations which clearly were not fully exhausted prior to the filing of his initial complaint.  See, e.g., paragraph 7, alleging an incident on November 18, 2008; paragraphs 112 & 113, alleging events dated November 21, 2008 and December 2, 2008 (the latter implicating putative Defendant Decker); paragraph 114, alleging further action by Defendant Slone on December 29, 2008.  See also, paragraphs 85 & 86, alleging actions by Defendants Slone and Swain on September 22, and September 29, 2008.  See also, paragraph 126, alleging actions by some putative Defendants, on September 29, 2008 and November 18, 2008 (subsequent to the filing of the initial complaint).

And in paragraph 122, Plaintiff admits he could not have fully exhausted as of the date of his initial filing (September 19, 2008), as he alleges he exhausted " . . . in a reasonably compliant effort to allow Defendants to resolve the problems on all the issues complained herein, including incidents surrounding . . . Sept. 11, 14, 15, 21, and 29 of 2008; October 29, 2008; and November 18, 2008."

Indeed, Plaintiff admits that he failed to completely and timely exhaust 'certain issues' in the amended complaint, due to alleged interference or improper action by some of the Defendants or other correctional officials.  See, paragraphs 127, 128 and 129.

And attached to the proposed amended complaint are inmate requests and grievances, whose dates confirm that Plaintiff did not fully exhaust his new issues prior to filing his initial complaint herein.  The following exhibit numbers refer to inmate requests and grievances attached to the proposed amended complaint:

(1)   Inmate request referring to emergency grievance forms, dated December 9, 2008 (Exhibit 'B');

(2)     Requests for Administrative Remedy or Appeal (formal grievances) referring to mental health treatment, dated May 4 and 18, 2009 (Ex. 'F');

(3)     Inmate request referring to physical abuse, dated May 12, 2009; Request for Administrative Remedy or Appeal related to same, dated May 18, 2009 (Ex. 'I');

(4)     Inmate request related to physical abuse dated December 24, 2008; Requests for Administrative Remedy or Appeal related to same dated January 12, 2009; February 2, 2009 (Ex. 'J');

(5)     Inmate request related to physical abuse by Sgt. Wheeler, dated December 8, 2008; Requests for Administrative Remedy, etc., related thereto, dated December 22, 2008; January 5, 2009 (Ex. 'K');

(6)     Requests for Administrative Remedy related to harassment and intimidation, dated December 8, 2008; December 29, 2008 (Ex. 'P');

(7)     Request for Administrative Remedy related to physical abuse by Defendant Slone and other officers, dated January 20, 2009 (Ex. 'S');

(8)     Inmate request (informal grievance) related to various grievances, dated February 2, 2009 (Ex. 'V');

(9)     Inmate request (informal grievance) related to various grievances, dated January 20, 2009 (Ex. 'W').

The above exhibits, which Plaintiff himself submitted as attachments to his proposed amended civil rights complaint, all demonstrate that he failed to fully exhaust his administrative remedies at the time of filing his initial complaint herein (September 19, 2008). Case law requires that his attempt to amend be denied.

The Eleventh Circuit recognized that exhaustion prior to filing suit is required in Leal v. Georgia Department of Corrections, 254 F.3d 1276 (11th Cir. 2001).  Therein it stated the following:

> The PLRA amended 42 U.S.C. § 1997e to provide that:
>
>> No actions shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a) (West.Supp.2000).  We have recognized that "[1]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting Freeman v. Francis, 196 F.2d 641, 643 – 44 (6th Cir. 1999)).  This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before *filing* a federal lawsuit under section 1983"); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of §1997e(a)); Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

Id. at 1279.

And in Garcia v. Glover, 197 Fed.Appx. 866, 2006 WL 2769309 (11th Cir. 2006), an inmate admitted in his amended complaint that he failed to administratively exhaust his remedies, but argued that it should have been excused due to his subjective fear of reprisals should the officers involved become aware of his allegations against them. The Eleventh Circuit rejected that argument, holding as follows:

> We also have held that the exhaustion requirement in § 1997e is "mandatory" and, consequently, prisoners must exhaust all administrative remedies before bringing suit in federal court, even if exhaustion would be futile. Alexander v. Hawk, 159 F.3d 1321, 1323-24 (11th Cir. 1998); accord Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000) (per curiam). Because exhaustion was a precondition to filing this lawsuit, and Garcia admittedly did not exhaust all administrative remedies, his amended complaint properly was dismissed pursuant to § 1997e. *Id.* Since Garcia did not exhaust his administrative remedies, and the district judge correctly dismissed his amended complaint on that basis, we need not address his other issues on appeal.

Id. at 868. Many of Plaintiff Watson's allegations herein, either in his amended complaint, or the attachments thereto, offer similar 'excuses' for failure to exhaust. The Eleventh Circuit's ruling in Garcia calls for rejection of those excuses.

And in Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2001), the appellate court held that failure to exhaust prior to filing the initial complaint could not be cured by exhaustion prior to filing an amended complaint, which Plaintiff is attempting herein. As it noted therein:

> The prisoners next argue that Jackson satisfied their PLRA exhaustion obligation because, by the date they filed their amended complaint (January 18, 2000), the deadline for the prison's response to Jackson's informal complaint had passed. But if the PLRA meant only that prisoners had to exhaust administrative remedies before filing an amended complaint, they would have no incentive to exhaust those remedies prior to filing suit. The prisoners could complete the grievance process while suit was

5

> pending, avoiding dismissal by later amending their complaint. This would defeat the very purpose of the PLRA exhaustion requirement: relieving courts of the burden of lawsuits filed before prison officials have had an opportunity to resolve prisoner grievances on their own. See <u>Alexander v. Hawk, 159 F.3d 1321, 1326 n. 11 (11th Cir. 1998)</u>.

<u>Id</u>. at 269.

## CONCLUSION

The amended complaint filed herein should be stricken. It is clear on the face thereof, and from the exhibits attached thereto, that Plaintiff is attempting to raise new claims against new parties (as well as these Defendants) which were not exhausted when he filed his initial complaint. Case law does not excuse his earlier failure to exhaust.

Respectfully submitted,

**BILL McCOLLUM**
**ATTORNEY GENERAL**

*/s/ Joe Belitzky*
JOE BELITZKY
Assistant Attorney General
Florida Bar No. 0217301

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
PH: 850.414.3300
FX: 850.488-4872

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. mail this <u>22d</u> day of October, 2009 to Tyson Watson, DC #195947, Union Correctional Institution, 7819 NW 228th Street, Raiford, FL 32026-4000.

*/s/ Joe Belitzky*
**JOE BELITZKY**